COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Senior Judge Bumgardner

DEBRA LA'SHAUN BLOCKER

v.      Record No. 1226-15-3

LYNCHBURG DEPARTMENT
  OF SOCIAL SERVICES

MEMORANDUM OPINION*
PER CURIAM
MARCH 15, 2016

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

(Killis T. Howard, on brief), for appellant.

(Susan L. Hartman, Assistant City Attorney; David E. Mass,
Guardian *ad litem* for the minor children, on brief), for appellee.


Debra La'Shaun Blocker (mother) appeals the order terminating her parental rights to her

two children.[1]  Mother argues that the trial court erred in terminating her parental rights because the

Lynchburg Department of Social Services (the Department) did not refer her to inpatient treatment.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without

merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant

to it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cty. Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Mother has other children, but only two are the subject of this appeal.

The Department had been involved with mother and her family for years. Mother had a history of substance abuse and domestic violence. On June 11, 2013, the Department received a complaint which alleged that mother and the children were staying in a car and mother was using marijuana. In addition, mother's boyfriend, a known gang member, assaulted her in front of the children.

On June 13, 2013, mother and the children came to the Department. She tested positive for marijuana. She agreed to a safety plan in which she would supervise the children, refrain from using illegal drugs, not expose the children to drug use or domestic violence, keep her counseling appointments, resume Project Link classes, and stay in contact with the Department. The Department referred mother to Courtland Center and paid the $300 balance she owed the Center. The Department provided mother with bus passes, a double stroller, and a $150 gift card for a grocery store. The Department also provided food basket referrals, which mother failed to pick up.

On June 25, 2013, the Department removed the children from mother's care because of a domestic violence incident. Mother was assaulted by her brother's girlfriend while the children were present.

The Department referred mother to Courtland Center for substance abuse treatment. Mother completed a substance abuse treatment class. She tested negative for marijuana and cocaine, but she repeatedly tested positive for hydrocodone and opiates for which she had prescriptions. The Department indicated that inpatient treatment was never discussed. At first, an intensive outpatient program was recommended, but it was believed to be too rigorous for mother. Instead, she was placed in Project Link classes. Mother never requested inpatient treatment.

While the children were in foster care, the Department arranged for mother to visit with the children. At times, the visits went well, but at other times mother was angry and curt with the children. The counselor described the visits as "very chaotic" because mother could not adequately supervise both children. The Department presented evidence that on some occasions, mother came to the visits impaired. One visit was cancelled because mother's speech was slurred and she leaned on a wall to walk.

Mother could not maintain stable housing. She lived with friends and in rooming houses. On one home visit, the social worker found mother passed out on a sofa with four pill bottles next to her. Mother tested positive for opiates on that day. The home was deemed unsafe for the children.

In addition, mother was involved in several domestic violence incidents where she was both the victim and the abuser. She admitted to living in at least four residences with different men with whom she was engaged in domestic violence. At the time of the circuit court hearing, mother was incarcerated for domestic assault and battery, third offense.

Mother participated in parenting and outpatient counseling; however, she attended only about half of the sessions. Mother has a history of anxiety, delusional disorder, mood swings, and trauma. Her counselor was concerned that she was using prescription medications to compensate for not using marijuana and cocaine. Her counselor did not believe that inpatient counseling would be helpful for mother "until she is fully ready to embrace letting the substance go." Mother remained in denial about her substance abuse problems and continued to use prescription drugs. According to her counselor, mother's denial about her substance abuse issues prevented her from overcoming her addiction.

On December 15, 2014, the Lynchburg Juvenile and Domestic Relations District Court terminated mother's parental rights to her two children and approved the goal of adoption.

Mother appealed to the circuit court. On June 18, 2015, the parties appeared before the circuit court to present their evidence and argument.

At the conclusion of the Department's evidence, mother made a motion to strike, which the trial court denied. Mother testified that she would have participated in inpatient treatment if it had been offered to her. However, she never admitted having a substance abuse problem. She explained that she was using drugs for which she had a prescription, which, in her view, was not problematic.

At the conclusion of all of the evidence, mother renewed her motion to strike, which the trial court denied. The trial court found that termination of parental rights was in the children's best interests. The trial court held that mother never acknowledged that she had a substance abuse problem, so it was "not plausible" that mother would have taken advantage of inpatient treatment. The trial court was especially concerned as to whether mother could provide a safe and stable environment for the children. The trial court found that she had a history of domestic violence and substance abuse, and despite the services provided her, mother had not substantially remedied the situation which led to the children being placed in, and remaining in, foster care. On June 29, 2015, the trial court entered an order terminating mother's parental rights to her two children. This appeal followed.

ANALYSIS

Mother argues that the trial court erred in terminating her parental rights because the Department failed to offer her inpatient substance abuse treatment. She explained that if she had been offered inpatient treatment, she would have attended it.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support

it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted).

The trial court terminated mother's parental rights pursuant to Code § 16.1-283(B) and (C)(2). Under those code sections, the trial court is required to consider the efforts made to rehabilitate the parent. In this case, the Department offered numerous services to mother. The Department paid off mother's $300 balance so she could resume Project Link classes. Initially, the Courtland Center wanted mother to participate in an intensive outpatient program, but it was determined that the intensive outpatient program would have been "too much" for mother. She was placed back in the Project Link classes. The social worker testified that the Department followed the counselor's recommendations, and the assessor at Courtland Center never discussed an inpatient program with the Department.

Although mother completed a substance abuse treatment class, she repeatedly tested positive for hydrocodone and other opiates for which she had prescriptions from several doctors and pharmacies. There was evidence that she was impaired during her visitations and during a home visit. Mother remained in denial about her substance abuse. One of the counselors opined that she was using prescription drugs to compensate for not using marijuana and cocaine. Her counselor further explained that inpatient treatment can be helpful when people are ready to admit to their problem and be "fully ready to embrace letting the substances go." Mother was not at that point, so the counselor explained that mother would have "continue[d] with this relapse cycle over and over again." At the time of the trial, mother's counselor stated that mother "was really in denial about how her . . . pain killer or narcotic use was a problem."

The trial court stated that "when you have somebody who doesn't acknowledge they have a problem, who's not willing to abide by and to adhere to outpatient treatment, it defies logic for

this Court to believe that somehow if offered inpatient treatment she's going to take advantage of it." The trial court further said,

> And simply put, there's no ability for these individuals to force inpatient treatment upon her and the mere fact that it wasn't offered, based on their sound judgment that she wouldn't even acknowledge she had a problem, is certainly a sound decision and this Court has no reason to believe that she would have taken them up on that if given the opportunity.

"The Department is not required 'to force its services upon an unwilling or disinterested parent.'" Logan, 13 Va. App. at 130, 409 S.E.2d at 463-64 (quoting Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986)).

The evidence proved that mother never asked for inpatient treatment, and the assessors at Courtland Center never suggested inpatient treatment. Mother's counselors did not believe that inpatient treatment would have been successful, especially since mother remained in denial about her substance abuse problems. Furthermore, the trial court was concerned about mother's domestic violence history and her inability to provide a "safe, secure and stable environment" for the children. Considering the circumstances, the trial court did not err in terminating mother's parental rights even though the Department failed to offer her inpatient treatment.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.